IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DIGITAL VERIFICATION SYSTEMS, LLC,**<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**APRYSE SOFTWARE INC.,**<br><br>　　　　　　Defendant. | C.A. No. 1:24–cv-12956<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant Apryse Software Inc. ("Defendant" or "Apryse"), files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Digital Verification Systems LLC's ("Plaintiff" or "Digital Verification") Complaint. Apryse denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

### THE PARTIES[2]

1. Apryse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2. Apryse is a British Columbia corporation. One of Apryse's affiliate companies has an office located at 530 Harrison Ave, Second Floor Boston, MA 02118. Apryse admits that it does business in this District. But Apryse denies that it may be served with process via The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE

---

[1] For avoidance of doubt, Apryse denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

[2] Apryse recreated the headings as used in the Complaint purely for clarity and should not be deemed to be an admission. To the extent any allegations are contained within the headings of the Complaint, all such allegations are denied.

1

19801. Apryse also denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Apryse denies any remaining allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.     Apryse admits that this action is brought under Title 35 of the United States Code. Apryse admits that Plaintiff seeks costs, fees, and damages. Apryse denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Apryse denies any remaining allegations in Paragraph 3 of the Complaint.

4.     Apryse admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1338(a). Apryse denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Apryse denies any remaining allegations in Paragraph 4 of the Complaint.

5.     Apryse denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Apryse admits that this Court has personal jurisdiction over Apryse. Apryse denies any remaining allegations in Paragraph 5 of the Complaint.

6.     Apryse denies that it maintains an ongoing and continuous business presence in the State of Texas. Moreover, Apryse denies that "this District" (as the phrase is used in Paragraph 6 of the Complaint) is located within the State of Texas. To the extent it understands the allegations in Paragraph 6 of the Complaint, Apryse admits that its products or services are available in the District of Massachusetts. Apryse denies any remaining allegations in Paragraph 6 of the Complaint.

7.     Apryse does not contest whether venue is proper in this District in this case, but Apryse denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Apryse denies any remaining allegations in Paragraph 7 of the Complaint.

**PATENTS-IN-SUIT**

8. Apryse admits that the purported copy of U.S. Patent No. 9,054,860 ("'860 Patent" or "Asserted Patent") is attached as Exhibit A to the Complaint and that the face of the purported '860 Patent indicates that it issued on June 9, 2015. Apryse denies any remaining allegations in Paragraph 8 of the Complaint.

9. Apryse is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 9, and therefore denies them.

10. Apryse is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 10, and therefore denies them.

11. Apryse is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 11, and therefore denies them.

12. Apryse is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 12, and therefore denies them.

13. Apryse is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 13, and therefore denies them.

14. The '860 Patent speaks for itself, but Apryse denies any characterizations inconsistent therewith. Apryse denies any remaining allegations in Paragraph 14 of the Complaint.

15. Apryse is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 15, and therefore denies them.

16. Apryse admits that Plaintiff alleges infringement of the '860 Patent. Apryse denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Apryse denies any remaining allegations in Paragraph 16 of the Complaint.

17. The '860 Patent speaks for itself, but Apryse denies any characterizations inconsistent therewith. Apryse denies any remaining allegations in Paragraph 17 of the Complaint.

18. The '860 Patent speaks for itself, but Apryse denies any characterizations inconsistent therewith. Apryse denies any remaining allegations in Paragraph 18 of the Complaint.

19. The '860 Patent speaks for itself, but Apryse denies any characterizations inconsistent therewith. Apryse denies any remaining allegations in Paragraph 19 of the Complaint.

20. The '860 Patent speaks for itself, but Apryse denies any characterizations inconsistent therewith. Apryse denies any remaining allegations in Paragraph 20 of the Complaint.

21. The '860 Patent speaks for itself, but Apryse denies any characterizations inconsistent therewith. Apryse denies any remaining allegations in Paragraph 21 of the Complaint.

22. The '860 Patent speaks for itself, but Apryse denies any characterizations inconsistent therewith. Apryse denies any remaining allegations in Paragraph 22 of the Complaint.

23. The '860 Patent speaks for itself, but Apryse denies any characterizations inconsistent therewith. Apryse denies any remaining allegations in Paragraph 23 of the Complaint.

24. The '860 Patent and its prosecution history speaks for itself, but Apryse denies any characterizations inconsistent therewith. Apryse denies any remaining allegations in Paragraph 24 of the Complaint.

25. The '860 Patent and its prosecution history speaks for itself, but Apryse denies any characterizations inconsistent therewith. Apryse denies any remaining allegations in Paragraph 25 of the Complaint.

26. The '860 Patent speaks and its prosecution history for itself, but Apryse denies any characterizations inconsistent therewith. Apryse denies any remaining allegations in Paragraph 26 of the Complaint.

27. Apryse denies the allegations in Paragraph 27 of the Complaint.

28. Apryse is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 28, and therefore denies them.

## COUNT 1

## ([ALLEGED] INFRINGEMENT OF UNITED STATES PATENT NO. 9,054,860)

29. Apryse incorporates paragraphs 1 through 28 herein by reference.

30. Apryse admits that this cause of action is brought under patent laws of the United States and, in particular, 35 U.S.C. §§ 271, *et seq*. Apryse denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Apryse denies any remaining allegations in Paragraph 30 of the Complaint.

31. Apryse denies the allegations in Paragraph 31 of the Complaint.

32. Apryse denies the allegations in Paragraph 32 of the Complaint.

33. Apryse denies the allegations in Paragraph 33 of the Complaint.

34. Apryse denies the allegations in Paragraph 34 of the Complaint.

35. Apryse denies the allegations in Paragraph 35 of the Complaint.

36. Apryse denies the allegations in Paragraph 36 of the Complaint.

37. Apryse denies the allegations in Paragraph 37 of the Complaint.

38. Apryse denies the allegations in Paragraph 38 of the Complaint.

39. Apryse admits that Plaintiff makes an allegation incorporating by reference other allegations attached to the Complaint as Exhibit B. Apryse denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Apryse denies any remaining allegations in Paragraph 39 of the Complaint.

40. Apryse denies the allegations in Paragraph 40 of the Complaint.

41. Apryse denies the allegations in Paragraph 41 of the Complaint.

42. Apryse denies the allegations in Paragraph 42 of the Complaint.

43. Apryse denies the allegations in Paragraph 43 of the Complaint.

## [PLAINTIFF'S] PRAYER FOR RELIEF

To the extent that a response is required to Plaintiff's prayer for relief, Apryse denies that Plaintiff is entitled to any judgment against Apryse and/or an order granting relief in any of the forms requested in parts 1–4.

## [PLAINTIFF'S] JURY DEMAND

Plaintiff's Jury Demand does not contain any allegations and therefore does not require a response. To the extent a response is required, Apryse denies any allegations contained in Plaintiff's Jury Demand.

## AFFIRMATIVE DEFENSES

In addition to answering the Complaint, Apryse asserts the following affirmative defenses. Apryse reserves the right to amend this Answer to add additional affirmative defenses as further information is obtained.

## FIRST AFFIRMATIVE DEFENSE

Apryse has not infringed and does not infringe, under any theory of infringement, including literally or under the doctrine of equivalents, directly (whether individually or jointly), or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the '860 Patent.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '860 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '860 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287 or

otherwise give proper notice that the actions of Apryse allegedly infringe the Asserted Patent, Apryse is not liable to Plaintiff for the acts alleged to have been performed before Apryse received actual notice that it was allegedly infringing the Asserted Patent.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Apryse indirectly infringes, either by contributory infringement or inducement of infringement, Apryse is not liable to Plaintiff for the acts alleged to have been performed before Apryse knew that its actions would cause indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the claims of the '860 Patent do not claim patent eligible subject matter under 35 U.S.C. § 101.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim of direct infringement because, among other things, Plaintiff has not stated a plausible allegation that any method or system employed or process practiced by Apryse includes: (1) "at least one digital identification module structured to be associated with at least one entity"; (2) "a module generating assembly structured to receive at least one verification data element corresponding to the at least one entity and create said at least one digital identification module"; (3) "said at least one digital identification module being disposable within at least one electronic file"; (4) "said at least one digital identification module comprising at least one primary component structured to at least partially associate said digital identification module with said at least one entity, wherein;" and/or (5) "said at least one digital identification module is cooperatively structured to be embedded within only a single electronic file," as required by at least Claim 1 of the '860 Patent.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff asserts that Apryse infringes under a theory of joint infringement, Apryse is not liable to Plaintiff. Apryse does not provide or perform each element of any claim of the Asserted Patent, and any actions of third parties accused by Plaintiff are not attributable to Apryse.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for the alleged infringement.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the Asserted Patent and/or applications related thereto, from asserting any interpretations of any valid, enforceable claims of the Asserted Patent that would be broad enough to cover any activity of Apryse, either literally or by application of the doctrine of equivalents.

**ELEVENTH AFFIRMATIVE DEFENSE**

Should Apryse be found to infringe any valid, enforceable claim of the '860 Patent, such infringement was not willful.

## APRYSE'S COUNTERCLAIMS

For its counterclaims against Counterclaim Defendant Digital Verification Systems LLC ("Counterclaim Defendant" or "Digital Verification"), Counterclaim Plaintiff Apryse Software Inc. ("Apryse") alleges as follows:

## PARTIES

1. Apryse is a corporation organized and existing under the laws of the British Columbia, Canada with a principal place of business 2399 Blake Street #125 Denver, Colorado, 80205.

2. Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Counterclaim Defendant, Counterclaim Defendant is a Texas Limited Liability Company with its principal place of business located at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

## JURISDICTION

3. Apryse incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code. This Court's jurisdiction is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Based solely on Counterclaim Defendant's filing of this action, Counterclaim Defendant has consented to the personal jurisdiction of this Court.

6. Based solely on Counterclaim Defendant's filing of this action, venue is proper, though not necessarily convenient, in this District under at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I: DECLARATION REGARDING NON-INFRINGEMENT

7. Apryse incorporates by reference Paragraphs 1–6 above.

8.      Based on the filing of this action and at least Defendant's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Apryse infringes U.S. Patent No. 9,054,860 (the "'860 Patent").

9.      Apryse does not infringe at least Claim 26 of the '860 Patent because, *inter alia*, the accused system is not adapted to include: (1) "creating at least one digital identification module corresponding to the entity"; (2) "receiving at least one verification data element from an entity"; (3) "the digital identification module includes at least one primary component at least partially associated with the entity;" and/or (4) "at least one digital identification module is cooperatively structured to be embedded within only a single electronic file," as required by at least Claim 26 of the '860 Patent.

10.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apryse requests a declaration by the Court that Apryse has not infringed and does not infringe any claim of the '860 Patent under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT II: DECLARATION REGARDING INVALIDITY

11.     Apryse incorporates by reference Paragraphs 1–10 above.

12.     Based on the filing of this action and at least Defendant's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '860 Patent.

13.     The claims of the '860 Patent are invalid for failure to comply with one or more of the requirements of the Unites States Code, Title 35, including, without limitation, 35 U.S.C. §§ 102, 103, and the rules, regulations, and laws pertaining thereto. More specifically, the claims are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 5,606,609, 6,757,826, and

6,948,069 and U.S. Patent Application Publication Nos. 2002/0026575, and 2003/0115151. Apryse reserves the right to assert additional prior art and/or other invalidity defenses against the '860 Patent in accordance with the Court's Local Rules that pertain to Patent Proceedings. *See, e.g.*, Dist. of Mass. L.R. 16.6.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apryse requests a declaration by the Court that claims of the '860 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Apryse asks this Court to enter judgment in Apryse's favor and against Counterclaim Defendant by granting the following relief:

    a)     a declaration that Apryse does not infringe any valid claim of the '860 Patent that may be enforceable;

    b)     a declaration that the '860 Patent is invalid;

    c)     a declaration that Counterclaim Defendant take nothing by its Complaint;

    d)     judgment against Counterclaim Defendant and in favor of Apryse;

    e)     dismissal of the Complaint with prejudice;

    f)     a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Apryse of its costs and attorneys' fees incurred in this action; and

    g)     further relief as the Court may deem just and proper.

## JURY DEMAND

Apryse hereby demands trial by jury on all issues.

Dated: February 6, 2025

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Philip K. Chen*
  Philip K. Chen (BBO #703289)
  **FISH & RICHARDSON P.C.**
  One Marina Park Drive
  Boston, MA 02210
  (617) 542-5070
  pchen@fr.com

  Neil J. McNabnay (*pro hac vice* forthcoming)
  mcnabnay@fr.com
  Texas Bar No. 24002583
  Ricardo J. Bonilla (*pro hac vice* forthcoming)
  Texas Bar No. 24082704
  rbonilla@fr.com
  Noel F. Chakkalakal (*pro hac vice* forthcoming)
  Texas Bar No. 24053676
  chakkalakal@fr.com
  Rodeen Talebi (*pro hac vice* forthcoming)
  Texas Bar No. 24103958
  talebi@fr.com
  Philip G. Brown (*pro hac vice* forthcoming)
  pgbrown@fr.com
  Texas Bar No. 24132695
  Brandon S. Avers (*pro hac vice* forthcoming)
  avers@fr.com
  Texas Bar No. 24135660
  **FISH & RICHARDSON P.C.**
  1717 Main Street, Suite 5000
  Dallas, Texas 75201
  (214) 747-5070 (Telephone)

  **ATTORNEYS FOR DEFENDANT
  APRYSE SOFTWARE INC.**

**CERTIFICATE OF SERVICE**

    The undersigned certifies that a true and correct copy of the above and foregoing document has been served on February 6, 2025, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

                                                     */s/ Philip K. Chen*
                                                     Philip K. Chen